IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    3:11-CR-00128-BR
                                             3:11-CR-00287-BR
            Plaintiff,

                                             OPINION AND ORDER
v.

BRADLEY LAWRENCE BERG,

            Defendant.


**S. AMANDA MARSHALL**
United States Attorney
**JOHNATHAN S. HAUB**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
(503) 727-1000

            Attorneys for Plaintiff

**MATTHEW A. SCHINDLER**
501 Fourth Street #324
Lake Oswego, OR 97034
(503) 699-7333

            Attorney for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motions (#79)(3:11-CR-00128-BR) and (#68)(3:11-CR-00287-BR) for Return of Property.  For the reasons that follow, the Court **DENIES** Defendant's Motions.


## BACKGROUND

On February 15 and 16, 2011, "Clackamas County investigators" executed search warrants on Defendant Bradley Lawrence Berg's residence and on a public storage unit belonging to Defendant.  The investigators seized property from both locations.

On March 16, 2011, Defendant was charged in Case No. 3:11-CR-00128-BR in a single-count Indictment with Burglary of a Federally Insured Credit Union in violation of 18 U.S.C. § 2113(a).

On July 26, 2011, Defendant was charged in Case No. 11-CR-00287-BR in an Information with one count of Wire Fraud in violation of 18 U.S.C. § 1028A(1) and one count of Aggravated Identity Theft in violation of 18 U.S.C. § 1343.

Ultimately, Defendant pled guilty to all charges in both cases.  On April 30, 2013, the Court entered Judgments against Defendant in both cases and sentenced him to serve forty-eight months imprisonment and three years supervised release for all

three counts.

On October 16, 2013, the United States Secret Service destroyed the items in its possession that the Clackamas County investigators had seized from Defendant's home and storage unit.[1]

On January 27, 2014, Defendant filed a Motion for Return of Property pursuant to Federal Rule of Criminal Procedure 41(g) in each case and sought return of the property or "reasonable compensation for" the property seized by the Clackamas County investigators.  The Court took the Motions under advisement on October 15, 2014.


**DISCUSSION**

In *Ordonez v. United States*, 680 F.3d 1135 (9th Cir. 2012), the Ninth Circuit recently addressed the Court's authority to order the United States government to compensate defendants for property that is seized and destroyed.  In *Ordonez* the plaintiff was arrested in 1993 and ultimately convicted in federal district court of drug possession with intent to distribute.  Several items of the plaintiff's personal property were seized during his arrest.  In 2007 after his conviction and sentencing the plaintiff filed a motion for the return of his seized property

---

[1] The Clackamas County Sheriff's Office remains in possession of several items seized by Clackamas County investigators, but Defendant states in his Replies that he withdraws any claim to those items.

pursuant to Rule 41(g).  The government, however, was not able to

locate or to account for several items of the plaintiff's seized

property.  The district court, therefore, construed the

plaintiff's motion for return of property as a request for

equitable money damages from the government.  *Id*. at 1137.  The

government moved to dismiss the plaintiff's motion on the ground

that the court lacked jurisdiction to award damages under Rule

41(g) because the government did not waive its sovereign

immunity.  The district court granted the government's motion to

dismiss, and the Ninth Circuit affirmed.  *Id*.  The Ninth Circuit

noted:

> Federal Rule of Criminal Procedure 41(g) provides
> a mechanism by which any person may seek to
> recover property seized by federal agents.  The
> Rule states that if a motion to return property is
> granted, "the court must return the property to
> the movant."  Fed. R. Crim. P. 41(g).  But where,
> as here, the subject property has been lost or
> destroyed, Rule 41(g) is silent as to what
> alternative relief, if any, the movant may seek.

*Id.* at 1137-38.  The court noted "concerns of sovereign immunity

arise in fashioning equitable relief" because the motion was

"directed against the United States."  *Id*. at 1138.  The court

explained:

> The federal government may waive its sovereign
> immunity, but any waiver must be unequivocally
> expressed in statutory text . . . and will not be
> implied.  Unlike actions involving private
> parties, [when] a cause of action is authorized
> against the federal government, the available
> remedies are not those that are appropriate, but
> only those for which sovereign immunity has been

4 - OPINION AND ORDER

> expressly waived.  Thus, to hold the government liable for money damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims.

*Id*. at 1138 (quotations and citations omitted).  The Ninth Circuit concluded:

> Beginning with this clean slate, we agree with the eight other circuits that have considered the issue, and conclude that Ordonez's claim is barred by sovereign immunity.
>
> We cannot find an unequivocally expressed waiver of the government's sovereign immunity that extends unambiguously to money damages in the text of Rule 41(g).  The Rule by its very terms provides only for the "return [of] the property to the movant," nothing more.  Fed. R. Crim. P. 41(g).  There is no alternative provision for money damages, and such a provision cannot be implied.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  The plain language of Rule 41(g) is "clear and unambiguous," *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir. 2000), and therefore our "judicial inquiry is at an end."
>
> * * *
>
> [W]e are . . . bound by our own precedent to hold that an award of money damages against the government under Rule 41(g) is barred by sovereign immunity.

*Id*. at 1139-40.

As in *Ordonez,* Defendant's property at issue here was destroyed by the United States Secret Service and Defendant's Motions for Return of Property are directed at the federal government.  Pursuant to *Ordonez*, the Court concludes Defendant's request for reasonable compensation for his destroyed property is barred by sovereign immunity.  The Court, therefore, lacks

5 - OPINION AND ORDER

jurisdiction to award Defendant money damages against the federal government in this instance.

Like the *Ordonez* court, this Court

> recognize[s] . . . there are many valid reasons
> why one should in fairness be able to pursue a
> claim for money damages against the government
> when it wrongfully loses, destroys, or otherwise
> disposes of seized property.  Application of Rule
> 41(g) — as [this Court is] compelled to construe
> it — can work an injustice to someone losing
> valuable goods, since there may be no remedy to
> cure even a flagrant destruction of those goods.
> Unfortunately, however, these equitable
> considerations — standing alone — cannot waive the
> government's immunity from suit.  No matter how
> compelling the circumstances, because Rule 41(g)
> contains no express and unequivocal waiver of the
> government's sovereign immunity, money damages are
> not a permitted form of relief.  Thus, even when
> it results in a wrong without a remedy, the
> federal courts are without jurisdiction to award
> money damages against the government under Rule
> 41(g) until Congress tells us otherwise.

*Id*. at 1140 (citations omitted).

Accordingly, the Court denies Defendant's Motions for Return of Property on the grounds that the federal government cannot return the property and sovereign immunity bars this Court from ordering the government to financially compensate Defendant for that property.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motions

(#79, #68) for Return of Property in Case Nos. 3:11-CR-00128-BR

and 3:11-CR-00287-BR respectively.

      IT IS SO ORDERED.

      DATED this 16th day of October, 2014.


                                  /s/ Anna J. Brown

                                  _____

                                  ANNA J. BROWN
                                  United States District Judge

7 - OPINION AND ORDER